IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

APR 2 1 2003

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| *CRAIG E. MENDENHALL,* | § |
| Plaintiff, | § |
| | § |
| *v.* | §    Civil Action No. 2:02-CV-0026 |
| | § |
| *JAMES KILLIAN, CO II,* and | § |
| *JOSEPH HOUSE, CO II,* | § |
| Defendants. | § |

## DEFENDANTS' MOTION IN LIMINE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendants James Killian and Joeseph House, by and through the Attorney General of Texas, and submits the following **Motion in Limine**. In support thereof, Defendants respectfully request the following:

### I.

That Plaintiff be instructed not to mention or bring before the jury, either directly or indirectly, upon voir dire, reading the pleadings, statement of the case, interrogation of witnesses, argument or objection before the jury, or in any other manner or means inform the jury or bring to the jury's attention any of the matters set forth in the numbered paragraphs below, unless and until such matters have first been called to the Court's attention out of the presence and hearing of the jury and a favorable ruling received as to the admissibility and relevance of such matters. Further, that Plaintiff be specifically instructed to inform and counsel with all witnesses called by Plaintiff, or parties in the courtroom at the request of Plaintiff, not to volunteer, inject, disclose, state, or mention to the jury any of the matters set forth in the numbered paragraphs below until specifically questioned thereon after a prior ruling by the court.

Such matters are as follows:

1.     Any reference to actions of the Defendants, other than those relating to the February, 21, 2001 incident forming the basis of Plaintiff's claim of excessive force and deliberate indifference to serious medical need; Fed.R.Civ.P. 402-404.

2.     Any reference to any lawsuits, investigations, or allegations against the Defendants, other than that relating to the alleged incident(s) forming the basis of Plaintiff's claim of excessive force and deliberate indifference to serious medical need on February, 21, 2001; Fed.R.Civ.P. 402-404.

3.     Any reference to Defendant's failure to call witnesses available to either party;

4.     Any reference to Defendant's TDCJ personnel files from either the unit or the regional level; Fed.R.Civ.P. 402-404.

5.     Any complaints about actions or inactions of TDCJ personnel, including but not limited to the Defendants, other than the actions of the Defendants forming the basis of Plaintiff's claim of excessive force and deliberate indifference to serious medical need; Fed.R.Civ.P. 402-404.

6.     Any statement that mentions or divulges, directly or indirectly, the fact that Defendants may be covered by some form of liability insurance or indemnification with respect to the occurrence in question; Fed.R.Civ.P. 411.

7.     Any suggestion or reference by Plaintiff or any witness that the jury is responsible for setting standards, because such a statement is a misrepresentation of the role of the jury in this case and is intended solely to induce the juror not to follow the Court's Charge

8.     Any hearsay statement(s) by Plaintiff or Plaintiff's witnesses absent proper predication and a prior determination of admissibility, concerning any aspect of the case; Fed.R.Civ.P. 802.

2

9.      Any question directed to Defendant's counsel in front of the jury.

10.     Any reference to any TDCJ or Texas Tech disciplinary infractions by or disciplinary action

against any TDCJ or Texas Tech employee, including prior or post disciplinary action against

the Defendants or any of Defendants' witnesses that does not arise out of the alleged

incidents made the basis for this lawsuit as any such evidence is not relevant to the issues in

this case and is unduly prejudicial to the rights of the Defendants.  Such information is

inadmissible pursuant to Federal Rules of Evidence 404(b) which provides that "evidence

of other crimes, wrongs, or acts is not admissible to prove the character of a person in order

to show that he acted in conformity therewith."  Fed. R. Evid. 404(b).  Such evidence is

clearly designed to attempt to show a prior act of misconduct on the part of the Defendants.

The admission of such materials in evidence would constitute reversible error because the

sole purpose for offering such evidence would be to prejudice the Defendants by showing

"a bad character from which to infer a propensity to commit the alleged wrong."  *See Tigges*

*v. Cataldo*, 611 F.2d 936, 938 (2d Cir. 1979)(evidence of prior incident for which defendant

police officer was disciplined not admissible in section 1983 action).

11.     Any reference to any alleged harassment or retaliation by Defendants or any TDCJ or Texas

Tech personnel both before and after the use of force incident, as such allegations are not a

part of this lawsuit and not relevant to the issues in this suit.  Further such evidence would

be prejudicial to the rights of the Defendants and likely cause confusion on the part of the

jury; FED. R. EVID. 401-404.

12.     Any comment on, reference to, or comparison of this case to any other assaults or

altercations, or denials of medical treatment, or any reference to the number of such incidents

3

within TDCJ or Texas Tech, or generalized comments regarding the propriety of such incidents within TDCJ or Texas Tech. Such evidence is irrelevant, and the probative value of such evidence is substantially outweighed by the danger of unfair prejudice or confusion of the issues. FED. R. EVID. 402-404.

13.     Any reference as to the general nature, behavior or character of correctional officers generally, or at the Clements Unit specifically, or any reference to any specific action by any such officer, other than the alleged incidents which form the basis of this lawsuit. Such evidence is irrelevant and immaterial to the case at bar, is of no probative value, and is improper character evidence under Rule 404. Further, the probative value of such evidence, if any, is substantially outweighed by the danger of unfair prejudice and confusion of the issues. FED. R. EVID. 402-404.

14.     Any references to incidents giving rise to prior lawsuits or professional complaints, brought by plaintiff, against TDCJ or Texas Tech personnel, including Defendants and their witnesses.

15.     Any comment regarding the resources, money, investigators, experts, etc., available to or used by Defendants or the Office of the Attorney General in the defense of this case.

16.     Any reference to any other litigation involving TDCJ or Texas Tech or other prison facilities including but not limited to other inmate lawsuits, use of force lawsuits, medical claims and/or the *Ruiz* lawsuit.

17.     Any statement either (a) referring to the filing of this motion, its contents, or the ruling of the Court on any item contained within it or (b) suggesting or implying that the Defendants have moved to exclude proof on particular matters, or that this Court has excluded proof on

4

particular matters.

## II.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that this Court grant this Motion in Limine in whole or in part. Or, in the alternative, the Defendants respectfully move that as to each and every one of the above-referenced items, that Plaintiff be required, prior to presenting any of these items to the jury, to obtain from the Court a specific ruling admitting same in the presence of the undersigned attorney and with the opportunity to object to the admission of the same, if necessary.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

JAY KIMBROUGH
Deputy Attorney General for Criminal Justice

JOHN A. NEAL
Assistant Attorney General
Chief, Criminal Law Enforcement Division

PHILLIP E. MARRUS
Assistant Attorney General
Section Chief, Litigation Services

5

TIMOTHY J. FLOCOS
Assistant Attorney General
Attorney-In-Charge
Texas Bar No. 24033697

P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / Fax (512) 495-9139

**ATTORNEYS FOR DEFENDANTS
KILLIAN AND HOUSE**

### CERTIFICATE OF SERVICE

I, TIMOTHY J. FLOCOS, Assistant Attorney General of Texas, do hereby certify that a true and

correct copy of the above and foregoing **Defendants' Motion in Limine** has been served by UPS Next

Day Air, postage prepaid on this the 18th day of April, 2003, addressed to:

Craig E. Mendenhall - **Via UPS Overnight Air No. 1Z 7X8 954 22 1033 062 4**
TDCJ-ID #359197
Clements Unit
9601 Spur 591
Amarillo, Texas 79107-9606

TIMOTHY J. FLOCOS
Assistant Attorney General

6